**SECURITIES AND EXCHANGE COMMISSION, Plaintiff–Appellee,**

v.

**Ana ANDRESCU and Jon Andrescu, Defendants–Appellants.**

**No. 03–6256.**

United States Court of Appeals, Second Circuit.

Dec. 10, 2004.

Jon Andrescu, Magic Knits, Glendale, N.Y. for Appellants, pro se.

Giovanni P. Prezioso, Securities and Exchange Commission, Washington, D.C., for Appellee.

PRESENT: NEWMAN, SACK, and HALL, Circuit Judges.

### SUMMARY ORDER

Reversing the ancient adage, this case demonstrates that sometimes the sins of the child are visited upon the father, and even the mother.[1] Jon and Ana Andrescu appeal from a judgment that requires them and their company, Magic Knits, Ltd., to disgorge funds they received as a result of a fraudulent scheme of their son, Allen. Allen and others participated in a fraudulent scheme to sell shares of NNPD Textiles, Inc. The scheme defrauded 89 investors of more than $2 million. The money was placed in a checking account for which Allen and Jon were signatories. From this account Jon wrote checks for $9,900 to himself, $10,000 to Ana, and $85,000 for the benefit of Magic Knits, and Allen wrote a check for $9,500 to Ana. The judgment requires disgorgement of these funds with prejudgment interest in the following amounts: from Jon, $12,331; from Ana, $24,289; and from Jon and Magic Knits jointly and severally, $105,878.

There is no claim that Jon or Ana participated in their son's wrongdoing, but there is also no dispute that the money they are required to disgorge is part of the money that was obtained by their son from the defrauded investors.

Jon and Ana contend that the distributions to them represent partial repayment of a loan to their son. Even if they loaned money to their son, they are not entitled to have that loan partially repaid with money that he fraudulently obtained from others. Apparently their son's fraudulent conduct has already had unfortunate consequences for the parents, and we can understand their distress at being required to return the money they received. But the money is the proceeds of fraud to which they have no valid claim, and the Securities and Exchange Commission is entitled to have it disgorged. *See SEC v. Cavanagh,* 155 F.3d 129, 136 (2d Cir.1998). The District Court already extended some leniency to the parents by running prejudgment interest only from the date of the complaint, instead of the earlier dates when the funds were received.

Finally, as the SEC points out (Br. for Appellee at 7), if the parents lack assets to

---

1. *See* Exodus 20:5 ("I the Lord thy God am a jealous God, visiting the iniquity of the fathers upon the children unto the third and fourth generations of them that hate me."); Euripides, *Phrixus,* Fragment 970 ("The gods visit the sins of the fathers upon the children.") (quoted in John Bartlett, *Familiar Quotations* 18a (13th ed.1955)); William Shakespeare, *The Merchant of Venice,* Act III, scene V, line 1 ("Yes, truly; for, look you, the sins of the father are to be laid upon the children.").

pay the required disgorgement, they might be able to assert inability to pay as a defense to collection, *see SEC v. AMX, International, Inc.,* 7 F.3d 71, 73 (5th Cir. 1993), although such a claim might be available only as a defense to a charge of civil contempt, *see Huber v. Marine Midland Bank,* 51 F.3d 5, 10 (2d Cir.1995). We express no views on the merits of any such defense.